UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYLE CHANDLER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-938-CCB-SLC |
| CENTURION, | |
| Defendant. | |

OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chandler alleges that he was diagnosed with an enlarged prostrate in 2006, during a prior incarceration at Indiana State Prison. He says he still suffers from the condition, which causes him problems urinating; it takes a long time to urinate and despite drinking very little water, he still wakes up several times at night to urinate. He alleges that the neurologist who treats his multiple sclerosis recommended that he see a urologist. But the medical staff at Indiana State Prison refuse to allow him to see a

urologist. Instead, they put him on different medications, which he says do not help. He asks for damages and to see a specialist.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the violation of this right, a prisoner must allege: (1) he had an objectively serious medical need; and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). However, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id.* Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965. At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v.*

*Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Persisting with a course of treatment known to be ineffective can constitute deliberate indifference. *Id.*

Chandler's complaint does not plausibly allege that he is receiving constitutionally inadequate care for his enlarged prostrate. The complaint establishes that he is receiving some medical care and that the doctors are trying different medications and dosages in an attempt to provide relief. At some point, the doctors cannot keep trying a course of treatment that is ineffective. But Chandler has not plausibly alleged his care has reached that point. He does not detail his course of treatment or say how long doctors have been trying to manage his condition with medication. He says only that "[e]very time I'm denied to see urologist, but instead put on some kind of medication. . . . All the doctors want to do is raise the milligram or try me on another medication." ECF 1 at 3. Without factual allegations explaining his course of treatment, it is not reasonable to infer that his care has reached the point where medical staff are persisting in an ineffective course of treatment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Furthermore, Chandler does not name a proper defendant. Centurion, the private company that provides medical care at the prison, can be held liable only if the corporation had an unconstitutional policy or custom that was the "moving force" behind a constitutional violation. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235-

3

36 (7th Cir. 2021); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Chandler describes decisions by individual medical care providers (who are not named as defendants), not a corporate policy that can be attributed to Centurion.

This complaint does not state a claim for which relief can be granted. If Chandler believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Kyle Chandler until **May 13, 2024**, to file an amended complaint; and

(2) CAUTIONS Kyle Chandler if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 10, 2024.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4