UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYLE CHANDLER, <br><br> Plaintiff, <br><br> v. <br><br> NANCY MARTHACKIS and KIMBERLY PFLUGHAUPT, <br><br> Defendants. | CAUSE NO. 3:23-CV-938-CCB-SLC |

OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, filed an amended complaint. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the allegations in the complaint establish that Chandler filed suit before exhausting his administrative remedies at the prison, and therefore this case must be dismissed as legally frivolous.

Chandler brought this case challenging the constitutional adequacy of the care he is receiving at Indiana State Prison for an enlarged prostrate. He details in his complaint that he was first diagnosed with an enlarged prostrate in 2006 or 2007 during a prior

term of incarceration. Since then, as he has served other terms of incarceration in the Indiana Department of Correction, he has been prescribed various medications to treat his enlarged prostrate, none of which, he says, were effective.

Chandler was sentenced to his current term of imprisonment in 2020. *See State v. Chandler*, No. 90D01-2005-F6-000072 (Wells Super. Ct. decided Sept. 30, 2020); *State v. Chandler*, No. 90D01-2012-F6-000186 (Wells Super. Ct. decided Aug. 26, 2021). He alleges that in 2022, he was transferred from Correctional Industries Facility to Indiana State Prison, where Dr. Nancy Marthackis and Nurse Practitioner Kimberly Pflughaupt took over his care. He is suing them for damages and asks that the court ensures that he gets surgery if his urologist orders it.

In the complaint, though, Chandler states, "I have filed many grievances at different facilities. If I were to file another at ISP [I] would be told this issue has already been addressed." ECF 8 at 4. Thus, he admits that he did not file a grievance about the care he is receiving from Dr. Marthackis and NP Pflughaupt. Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotation marks and citation omitted). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review

process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). The Indiana Department of Correction has an established grievance process. *See* Ind. Dep't of Corr. Policy & Admin. Proc., *Offender Grievance Process*, No. 00-02-301 (eff. Sept. 1, 2020), at p. 9, available at https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process.

Chandler seems to suggest that because he has been struggling with this ongoing condition for years, the previous grievances he filed cover these complaints as well. It is true that "[i]n order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). "Separate complaints about particular incidents are only required if the underlying facts or the complaints are different." *Id.* However, although Chandler's enlarged prostrate is an ongoing condition, the care he receives at each facility is provided by different medical staff, each taking into account different treatment factors. The exhaustion requirement's primary purpose is to alert the prison to the problem and invite corrective action. *Id.* at 649. Complaints about his care at prior facilities do not alert officials at Indiana State Prison that Dr. Marthackis or NP Pflughaupt are

potentially providing inadequate care. Thus, although he may have properly grieved the actions of other medical personnel at other IDOC facilities, he did not bring his complaints about the actions of Dr. Marthackis or NP Pflughaupt to the attention of prison officials and so this case cannot proceed.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The complaint here shows that Chandler did not exhaust his administrative remedies before he filed suit, and therefore this case must be dismissed. *See Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, at *1 (7th Cir. Sept. 6, 2022) (unpublished) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

For these reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) because it is legally frivolous to sue before exhausting administrative remedies.

SO ORDERED on July 12, 2024.

> s/Cristal C. Brisco
> CRISTAL C. BRISCO, JUDGE
> UNITED STATES DISTRICT COURT